## CIRCUIT COURT OF THE CITY OF RICHMOND

Uriel J. Winfree

 v.

Richmond Memorial Hospital et al.

July 16, 1985

Case No. LH 7863

By JUDGE WILLARD I. WALKER

This matter is before the court on defendants' motion to dismiss under provisions of Rule 4:12 for the failure of the plaintiff to comply with the Rules of Court and with orders of this court with respect to discovery, and upon the plaintiff's request for a second nonsuit pursuant to Code of Virginia Section 8.01-380.

The plaintiff's request for a second nonsuit is denied. There has been no showing by the plaintiff of any basis to allow another nonsuit. The plaintiff has had many opportunities to get this case ready for trial, and the only apparent reason for seeking a nonsuit at this time is to avoid the unpleasant possibility of the court's dismissing the case under the provisions of Rule 4:12.

With respect to the motion to dismiss, the essential facts are as follows.

On February 25, 1984, plaintiff's counsel agreed with the defendants' counsel to furnish on or before May 31, 1985, the names and opinions of the expert witnesses the plaintiff intends to use at trial. Prior to this matter's being heard by the court on June 26, 1985, counsel for the plaintiff endorsed an order which provided, among other things, that plaintiff's counsel "must provide the names and opinions of the expert witnesses he intends to use at trial by May

31, 1985, by answering defendants' interrogatories on expert witnesses." As of the hearing of this matter on June 26, 1985, and until the present date, counsel has not provided the names of any expert witnesses. Indeed, counsel for the plaintiff maintains that in this malpractice case he is not required to have any expert witnesses and, therefore, cannot be penalized for having failed to produce the names of experts.

Even if it is true that a malpractice case can be tried as to the essential liability without the use of expert evidence (a debatable point), it is very clear that expert testimony is absolutely essential in a medical malpractice case to establish the requisite standard of care. Plaintiff's position to the contrary is incorrect.

Plaintiff's counsel next complains that his client does not have adequate funds to engage the service of an expert. This is a regrettable circumstance, but it cannot be the basis for allowing a case to sit on the court's docket without having the matter prepared for trial until such time as the plaintiff sees fit to move forward. This matter has been scheduled for trial in August of 1985. It is essential that the discovery matters which have not been complied with be complied with in order to put the parties in a position to take discovery depositions and to do what other matters need to be done to prepare for trial. It is already too late to put this case in a posture to be properly tried in August. There is no indication that the plaintiff is ever going to be in a position to be able to comply with the court's requirement in the order referred to. Consequently, the defendants' joint motion to dismiss this action without reaching the merits of the controversy as a sanction for failure of the plaintiff to comply with the Rules of Court and with the orders of this court regarding discovery is granted, and the case is dismissed.